Angela PALUMBO, Plaintiff,

v.

Samuel J. ORR, District Attorney of Mercer County, Charles Hersh, Assistant D.A., James Epstein, Assistant D.A., County of Mercer; William C. Mifsud, James Kramer, of the Pennsylvania State Police; Frank White, Edward Tomko and City of Sharon, Defendants.

Civ. A. No. 83–136.

United States District Court, W.D. Pennsylvania.

Jan. 25, 1984.

---

Timothy P. O'Reilly, McArdle, Caroselli, Spagnoli & Beachler, Pittsburgh, Pa., for plaintiff.

H. David Rothman, Pittsburgh, Pa., for defendant Charles Hersh.

José Hernandez-Cuebas, Deputy Atty. Gen., Pittsburgh, Pa., for defendants Mifsud and Kramer.

James R. Miller, David B. White, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Orr, Epstein and County of Mercer.

Thomas W. Renwand, Arthur J. Murphy, Jr. & Associates, Pittsburgh, Pa., for White, Tomko and City of Sharon.

## OPINION

SIMMONS, District Judge.

### I.

Plaintiff filed this complaint and amended complaint seeking monetary damages under 42 U.S.C. §§ 1983 and 1985(3), and pendent state counts. Plaintiff alleges em-

ployment by the District Attorney of Mercer County, Samuel J. Orr, and by Mercer County. Defendants Hersh and Epstein are alleged to have been duly appointed Assistant District Attorneys of Mercer County, acting under color of state law. Defendant County of Mercer, a political subdivision of the Commonwealth of Pennsylvania, allegedly ratified and approved the conduct of Defendants Orr, Hersh and Epstein. Defendant Mifsud is a sergeant in the Pennsylvania State Police of the Commonwealth of Pennsylvania. Defendants Kramer, White and Tomko are police detectives employed by the City of Sharon, Mercer County, a political subdivision of the Commonwealth of Pennsylvania.

Count 1 of the Amended Complaint seeks compensatory and punitive damages against Defendants for the intentional state law tort of interference with right to freedom of association, defamation of character, and interference with economic rights.

Count 2 of the Amended Complaint alleges the negligence of Defendants and employees in discharging Plaintiff from employment, and defamation.

Count 3 of the Amended Complaint alleges the breach of an employment agreement.

Count 4 of the Amended Complaint alleges a violation of the right to freedom of association as guaranteed by the First Amendment and seeks relief under 42 U.S.C. §§ 1983 and 1985(3).

Defendants have filed numerous Motions to Dismiss which are the subject of this Opinion.

## II.

Plaintiff claims that the Defendants Orr, Epstein, and Hersh, who allegedly discharged Plaintiff; and the County of Mercer, which allegedly approved and ratified the action of the District Attorney; interfered with Plaintiff's right of association with Attorney Palmer and Police Officer Lenzi, by discharging her on June 1, 1981, which discharge was solely motivated by Defendants' desire to punish her for her association with Palmer and Lenzi, which association was proper, lawful, and not subject to direction or control by Defendants. It is claimed that Defendants Orr, Epstein and Hersh procured plaintiff's discharge to punish her for that association; that Defendant County of Mercer ratified and confirmed Defendants' actions; and that Defendants Mifsud, Kramer, Tomko and White participated in an unwarranted interrogation of Plaintiff which was part of the plan to discharge Plaintiff; and Defendant City of Sharon ratified and confirmed the actions of White and Tomko. Plaintiff further charges that Defendants conspired with each other for the purpose of depriving Plaintiff of the equal protection of laws and equal privileges and immunities under the law, in violation of 42 U.S.C. § 1985(3).

The following facts are alleged as the basis for Plaintiff's claims:

According to the allegations contained in the Amended Complaint, Plaintiff was hired in 1974 by the County of Mercer as a clerk/typist in the Tax Assessment Office. On or about February 1977, Plaintiff became aware of a job as a Secretary in the District Attorney's office for the County of Mercer, and was hired for such position, and was responsible to Defendants Orr, Epstein and Hersh.

On or about February, 1980, Defendant Hersh worked part time for the District Attorney and maintained a private law office. Plaintiff performed messenger services for Hersh and the District Attorney in bringing materials between the two locations.

During Plaintiff's employment, she became socially and professionally acquainted with Frances Palmer, an Assistant District Attorney and prosecutor of narcotics cases, and Gary Lenzi, a police officer of Sharon, Pennsylvania, assigned to the Mercer County Narcotics Investigation Unit. Such association, it is alleged, had no impact on Plaintiff's work as a secretary in the District Attorney's office, but was the basis of her discharge.

On or about February, 1980, Defendant Hersh allegedly stated to Plaintiff his belief that Palmer and Lenzi were attempting to undermine Hersh's representation as a private attorney to the Sharon Fraternal Order of Police, and that he would "get" Palmer and Lenzi, as well as the Plaintiff. Plaintiff related the above conversation to Defendant Orr who told Plaintiff she could associate with whomever she pleased.

The next day Defendant Epstein summoned Plaintiff to his office and allegedly chastised Plaintiff for reporting the Hersh conversation to Defendant Orr.

Plaintiff also alleges the existence of animosity and professional jealousy between Palmer and Lenzi against the Defendants from 1978–1981. In 1980, Defendants allegedly secured investigations of the Narcotics Unit by the Pennsylvania State Police and the Pennsylvania Crime Commission, which showed no evidence of wrongdoing.

On or about May 11, 1981, Lenzi apparently arrested the son of the Farrell Police Chief which resulted in additional animosity and a private complaint of criminal assault being brought against Lenzi, which was later dismissed. Plaintiff alleges that in light of this animosity by Defendants against Lenzi and Palmer, her association with them was the basis for her discharge.

On May 18, 1981, Plaintiff was allegedly interrogated by Defendants Orr, Mifsud, White and Kramer about events leading to the lodging of the criminal complaint against Lenzi. Plaintiff was again interrogated on May 20, 1981, by Kramer, Tomko and White, allegedly as a suspect for leak of information concerning the charge against Lenzi. At the conclusion, Plaintiff advised that she was going to retain an attorney and further discussion could be had with said attorney.

On May 20, 1981, Plaintiff's work location was changed and her duties were changed. Plaintiff alleges that this change was punitive in view of its timing following her interrogation, which is alleged to be willful, reckless and malicious.

On Monday, June 1, 1981, Plaintiff reported to work and Defendant Orr told Plaintiff her employment was terminated, and stated he was not required to give a reason for said termination. Defendant Hersh was present at Plaintiff's termination, and allegedly ratified, confirmed and joined in the action. Plaintiff received unemployment compensation after her termination.

On June 21, 1981, the Mercer County Board of Commissioners reaffirmed that department heads must have a justification for the termination of any employee, but Plaintiff was not recalled to work as a result of such communication.

### III.

We first address the federal constitutional claims under 42 U.S.C. §§ 1985(3) and 1983.

#### A. The 1985(3) Claim

42 U.S.C. § 1985(3) reads in pertinent part:

> If two or more persons in any State ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State ... from giving or securing to all persons within such State ... the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury, or deprivation, against any one or more of the conspirators.

In order to state a cause of action under this section, the complaint must contain an allegation of some racial or other-

wise class-based invidiously discriminatory intent:

> The language [of 42 U.S.C. § 1985(3)] requiring intent to deprive of *equal* protection or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirator's actions.

*Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (emphasis in original). The Supreme Court has never abrogated this requirement. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL–CIO v. Scott,* — U.S. —, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

■ The Amended Complaint fails to allege the existence of any class-based invidiously discriminatory animus underlying the actions of the Defendants. It clearly appears from the face of the Amended Complaint that the actions of the Defendants were directed against the Plaintiff as an individual, and not as a member of a class. The Amended Complaint therefore fails to state a claim under 42 U.S.C. § 1985(3).

### B. The § 1983 Claim

The basis of the section 1983 claim is that the conduct of Defendants constituted the violation of the right of freedom of association as guaranteed by the First Amendment. (See ¶ 62(a) of the Amended Complaint). The factual basis for this allegation is set forth in paragraphs 49 and 52 of the Amended Complaint as follows:

> 49. Plaintiff believes that her discharge was solely motivated to punish her for her association with Palmer and Lenzi by reason of the sequence of events set forth in the foregoing paragraphs as well as the specific statements made by defendant, Hersh, as to his desire to secure plaintiff's dismissal; the continuing animosity of defendants Orr, Epstein and Hersh, against Palmer and Lenzi and the timing of her discharge coming only a few days after the charges brought against Lenzi had been dismissed. The defendant, County of Mer-

cer, has ratified and approved the action of defendants, Orr, Epstein and Hersh, in the termination of plaintiff as most vividly set forth in its action to not veto the discharge of plaintiff by defendants, Orr, Epstein and Hersh, when the same was without cause and contrary to her right of association but rather simply permitted the discharge to stand and directed other future discharges must conform to this policy.

> 52. With regard to the claim that the action of defendants, Orr, Epstein, Hersh and the County of Mercer, interfered with her association with Palmer and Lenzi, the defendants did that by discharging her on June 1, 1981 and permitting the same to stand and ratifying the same. They interfered with her right of association by punishing her in the form of job discrimination and discharge because of such association. The discharge of plaintiff and the continuance of defendants in the position of not restoring plaintiff to work has an adverse impact upon her right to associate with Palmer and Lenzi and such discharge was in retaliation for that association and is contrary to law.

■ In order for a claim to be stated under section 1983, the conduct complained of must have been done under color of state law, and additionally, the conduct must have deprived Plaintiff of some right, privilege or immunity secured by the Constitution. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). There must be a causal link between the conduct complained of and the infringement of the federally protected right.

In this instance, Plaintiff alleges that her termination of employment was motivated by Defendants' desire to punish her for her association with Palmer and Lenzi, and thus infringed her constitutionally protected right of freedom of association.

A summary discharge in retribution or retaliation for exercising first amendment rights may properly be the subject of a section 1983 claim. *See Hirsch v. Green,*

368 F.Supp. 1061 (D.Md.1973), where a Deputy State's Attorney brought a section 1983 claim, alleging he was terminated in retaliation for his Grand Jury testimony, which termination amounted to the denial of his right to freedom of speech.

■ In order for Plaintiff to state a claim here under section 1983, Plaintiff must allege that the discharge was in retribution or retaliation for exercising her right to freedom of association. However, Plaintiff has alleged in paragraph 25 of the Amended Complaint that "Defendant, Orr, told plaintiff she had a right to associate with whomever she pleased." Taking this factual allegation as true, as is required of this Court in this Motion to Dismiss, the Court is unable to say that Plaintiff has stated a cause of action. If Defendant Orr told Plaintiff she could associate with whomever she pleased, as Plaintiff has alleged in paragraph 25, then Plaintiff is unable to establish that her discharge was in retaliation for exercising her right of freedom of association.

If Plaintiff was discharged for reasons other than her exercise of right to freedom of association, no section 1983 cause of action has been stated. The Court can find no other factual allegations in the pleadings which support Plaintiff's conclusory claim of discharge in retaliation for exercising first amendment rights, and in light of Plaintiff's assertion in paragraph 25 that Plaintiff was assured she could associate with whomever she pleased, the Court concludes that a section 1983 claim has not been stated with respect to Defendant Orr.

■ With respect to the section 1983 claim against the County of Mercer, it is alleged in paragraph 49 that the County ratified and approved the action of Defendants Orr, Epstein, and Hersh, and permitted the discharge to stand. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), makes it clear that a municipality cannot be held liable under section 1983 on a theory of respondeat superior. Liability as to the governmental entity can be based only on the execution or promulgation of a policy or custom which inflicts the injury. The Amended Complaint is devoid of any allegation of this sort, and therefore the section 1983 claim against the County of Mercer must be dismissed.

■ Likewise, we can find no allegation of policy or custom such as would give rise to the liability of the City of Sharon in this matter. The only basis for the City of Sharon's liability under section 1983 is set forth in paragraph 55 of the Amended Complaint, which alleges that the Defendant City of Sharon ratified and confirmed the actions of Defendants White and Tomko who allegedly interrogated Plaintiff. Thus the City of Sharon's Motion to Dismiss with respect to the section 1983 claim must also be granted.

■ Defendants Mifsud and Kramer of the Pennsylvania State Police, and Defendants White and Tomko of the City of Sharon Police are alleged to have participated in the interrogation of the Plaintiff. It is well to note that an essential element of a section 1983 action is the direct personal involvement by a Defendant in conduct which deprives the Plaintiff of constitutional rights. *Ressler v. Scheipe*, 505 F.Supp. 155 (E.D.Pa.1981); *Prochaska v. Fediaczko*, 473 F.Supp. 704 (W.D.Pa.1979). The constitutional right alleged herein to have been violated is the right of freedom of association. The causal link between the actions of Defendants Mifsud, Kramer, White and Tomko, that is, the interrogation of Plaintiff, and the deprivation of the constitutional right to freedom of association is missing. It was not the interrogation by these Defendants which caused any possible deprivation of the constitutional right of the Plaintiff to freely associate, but the resulting discharge of the Plaintiff by the order of the Defendant Samuel J. Orr, which is alleged to have caused the injury to Plaintiff. There is no allegation that Defendants Mifsud, Kramer, White and Tomko participated in the discharge of the Plaintiff, and it is difficult for this Court to conceive of a situation wherein these particular Defendants, while acting under col-

or of state law, could have discharged the Plaintiff. The section 1983 claim with respect to Defendants Mifsud, Kramer, White and Tomko must also be dismissed.

■ Finally, with respect to Defendants Hersh and Epstein, Assistant District Attorneys, it is noted that Defendants Epstein and Hersh are charged with participating in the discharge of Plaintiff. Plaintiff previously alleged in paragraph 16 of the Amended Complaint that she was employed by Defendant Samuel Orr (not Orr, Hersh, and Epstein), and that Defendant Orr informed Plaintiff that her employment was terminated. (Paragraph 46 of the Amended Complaint). Defendant Hersh was present at the meeting where Plaintiff was discharged, and allegedly "ratified, confirmed and joined in the action" by Defendant Orr. Paragraph 47 of the Amended Complaint. There are no factual allegations to support Plaintiff's conclusory allegation that Defendant Epstein participated in Plaintiff's discharge, indeed, Defendant Epstein was not even present at Plaintiff's discharge. Plaintiff does allege that Defendant Hersh participated in the discharge, but in paragraph 47 of the Amended Complaint alleges that Defendant Hersh, the *Assistant* District Attorney "ratified and confirmed" the discharge. It is difficult to conceptualize how a subordinate may be held accountable for the ratification or confirmation of the actions of his superiors. There is no allegation in the Amended Complaint which indicates that Defendants Hersh or Epstein possessed the power and/or authority to discharge Plaintiff. Defendant Hersh was only a part-time employee of the District Attorney's office, see paragraph 18 of the Amended Complaint, and the Amended Complaint does not sufficiently set forth facts to establish that Defendant Hersh was acting under color of state law at the time of Plaintiff's firing, when he was allegedly present. There are insufficient allegations to support the section 1983 claim against Defendants Hersh and Epstein.

### IV.

Because this Court has previously found that the section 1983 and 1985(3) claims are without merit, this Court finds no basis for the exercise of pendent jurisdiction to try the State law claims in this federal court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1965). Plaintiff may well have a state law claim of wrongful discharge, but such claim properly lies in the state court system. Claims for a breach of a contract of employment are governed by a six year contract statute of limitations, see *Davis v. United States Steel Supply, Inc.*, 581 F.2d 335 (3d Cir.1978), and Plaintiff may well choose to pursue this claim in the state court system.

An appropriate Order will be entered.

### ORDER

AND NOW, this 25th day of January, 1984, after considering the Motions to Dismiss filed by the Defendants, and after briefs, argument and consideration of the contentions raised by the parties, and for the reasons previously set forth in the accompanying opinion, IT IS ORDERED that the Motion to Dismiss filed on behalf of Defendants Orr, Hersh, Epstein, Mifsud, Kramer, White, Tomko and the City of Sharon and the County of Mercer, be and the same are hereby GRANTED, and the above-captioned case is DISMISSED.