Oliver E. WALKER, Sr., Plaintiff,

v.

Deborah E. COMAY, individually and as Magistrate, City of Pittsburgh, Defendant.

Civ. A. No. 85–214.

United States District Court, W.D. Pennsylvania.

July 29, 1986.

Oliver L. Walker, Sr., pro se.

Charles W. Johns, Paul J. Gelman, Philadelphia, Pa., for defendant.

### OPINION

COHILL, Chief Judge.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff Oliver L. Walker Sr.'s. Petition for Injunctive Relief and Monetary Damages which Plaintiff filed *pro se.*

Plaintiff states that he is a real estate broker with a realty company located in Pittsburgh, Pennsylvania. He owns prop-erty located at 1616 Lincoln Avenue. Defendant is a judge of the Pittsburgh Magistrates Court. Plaintiff states that the Allegheny County Health Department and the Department of Animal Control brought actions against him alleging housing code and animal ordinance violations. He alleges that during hearings on these actions, Defendant refused to accept any testimony Plaintiff offered on these charges. Instead, he alleges that she accepted the charges without requiring proof, and imposed upon him excessive fines. In this action, brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, Plaintiff argues that Defendant's conduct has violated his civil rights. Plaintiff seeks to permanently enjoin the Defendant and the Allegheny Health Department (ACHD), and the Department of Animal Control (DAC) from issuing future summons and complaints against him. Neither the ACHD nor the DAC are defendants in this action. In addition, Plaintiff asks the Court to issue an order impounding Defendant's court records in order to ascertain the amounts and frequency of fines imposed upon black defendants. Finally, Plaintiff seeks punitive and compensatory damages.

In evaluating a motion to dismiss, the allegations of the complaint and all reasonable inferences must be accepted as true and viewed in the light most favorable to the non-moving party. *Miree v. DeKalb County*, 433 U.S. 25, 27, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977); *Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.* 567 F.2d 554, 557 (3d Cir.1977). A complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts that entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Although *pro se* litigants should not be denied the opportunity to state a civil rights claim because of technicalities, *Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970), they must still comply with a minimum pleading standard. *Green*

*v. Commonwealth of Massachusetts*, 108 F.R.D. 217, 218 (D.C. Mass.1985).

## A. *Section 1981 Cause of Action*

 Section 1981 grants to all persons equal rights under the law. 42 U.S.C. § 1981 (1982). Intentional racial discrimination is a necessary element of a § 1981 claim. *Hood v. New Jersey Dept. of Civil Service*, 680 F.2d 955, 959 (3d Cir.1982); *Bronze Shields, Inc. v. N.J. Dept. of Civil Serv.*, 667 F.2d 1074, 1086 (3d Cr.1981); *Davis v. United States Steel Corp.*, 544 F.Supp. 253, 255 (E.D.Pa.1982). A *pro se* litigant in a § 1981 claim must allege at least some facts which demonstrate that his race was the reason for the Defendant's actions. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982).

 In paragraph seventeen of his complaint, Plaintiff states that he is black. However, Plaintiff admits in this same paragraph that he has no knowledge as to whether Defendant's conduct was racially motivated. Because the main thrust of § 1981 is to prohibit discrimination based on race, *Bell v. Brennan*, 570 F.Supp. 1116, 1118 (E.D.Pa.1983), and because the Plaintiff fails to allege intentional racial discrimination, his complaint fails to state a claim upon which relief can be granted under § 1981.

## B. *Section 1983 Cause of Action*

Section 1983 provides a cause of action against individuals who, acting under color of state law, deprive another of a constitutional right. 42 U.S.C. § 1983 (1982). To maintain a § 1983 cause of action, a plaintiff must allege that a person acting under color of state law deprived him of some right, privilege or immunity guaranteed by the Constitution or laws of the United States. *Howell v. Cataldi*, 464 F.2d 272, 279 (3d Cir.1972); *Gans v. Gray*, 612 F.Supp. 608, 612 (E.D.Pa.1985). However, the doctrine of judicial immunity protects those acting in a judicial capacity from the § 1983 claim for money damages unless they act in a clear absence of jurisdiction over the subject matter. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *DiRuggiero v. Rodgers*, 743 F.2d 1009, 1021 (3d Cir.1984).

 The Defendant, as a judge of the Pittsburgh Magistrates Court, had jurisdiction over the proceedings involving Plaintiff's housing code and animal ordinance violations. 42 Pa.C.S. § 1143(a)(3) (Purdon 1981) provides that the Pittsburgh Magistrates Court shall have jurisdiction "... for the recovery of fines and penalties imposed by any ordinance of the City of Pittsburgh, or by any ordinance or regulation relating to housing and health administration and enforced by a county health department ..." *Id.* Because the Defendant had jurisdiction over the subject matter pursuant to this section, Plaintiff's claim for money damages is barred by the doctrine of judicial immunity.

 In addition, however, Plaintiff seeks prospective injunctive relief for which judicial immunity is no bar. *See Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Georgevich v. Strauss*, 772 F.2d 1078, 1089 (3d Cir.1985); *DiRuggiero v. Rodgers*, 743 F.2d 1009, 1021 (3d Cir.1984). In order to have standing to seek injunctive relief, a plaintiff must allege an actual "case or controversy" by demonstrating that he is in immediate danger of sustaining some direct injury. U.S. Const. art. III; *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983); *Flast v. Cohen*, 392 U.S. 83, 94–101, 88 S.Ct. 1942, 1949–53, 20 L.Ed.2d 947 (1968); *Weiser v. Koch*, 632 F.Supp. 1369, 1374–75 (S.D.N.Y.1986). Allegations of abstract, conjectural, or past injury are insufficient to impart the necessary standing to sue. *Lyons*, 461 U.S. at 101–02, 103 S.Ct. at 1664–65; *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Biggs v. Block*, 629 F.Supp. 1574, 1578 (E.D.N.Y.1986). In his complaint, Plaintiff does not claim that he will be subjected to Defendant's alleged unconstitutional practices in the future. Rather he alleges only that he has been subjected to past unconstitutional behavior which does not in and of itself amount to the real and immediate threat of injury necessary to

make out a case or controversy with Defendant. *See Biggs,* at 1578. Plaintiff, therefore, has failed to demonstrate that he has standing to seek the prospective injunctive relief he asked this Court to order, and his claim for such relief will be dismissed.

For the foregoing reasons, we conclude that the Plaintiff has failed to state a claim upon which relief can be granted under § 1983.

### C. *Section 1985(3) Cause of Action*

██ Section 1985(3) prohibits conspiracies designed to deprive persons of equal protection of the law. 42 U.S.C. § 1985(3) (1982). To come within § 1985(3), a complaint must allege five elements: 1) a conspiracy; 2) motivated by racial or class-based invidiously discriminatory animus; 3) to deprive one of equal protection of the law; 4) that the conspirators committed some act in furtherance of the conspiracy; and 5) that the plaintiff was injured in his person or property or deprived of a right or privilege as a United States citizen. *Carpenters v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1172–73 (3d Cir.1978); *Palumbo v. Orr,* 579 F.Supp. 129, 132–33 (W.D.Pa.1984). In his complaint, Plaintiff fails to demonstrate the existence of the required elements. Plaintiff's allegation of conspiracy appears in paragraph eight where he states that "the defendant has allowed and encouraged the filing of numerous City Ordinance violations against the plaintiff ..." This allegation, however, fails to demonstrate that the Defendant entered into an agreement with other individuals to commit acts which would deprive Plaintiff of equal protection of the law. A plaintiff in a civil rights case must plead highly specific facts in support of his allegations, particularly where a conspiracy on the defendant's part is claimed. *Albright v. R.J. Reynolds Tobacco Co.,* 463 F.Supp. 1220, 1231 (W.D.Pa.1979). Conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under the civil rights statutes. *Frazier v. SEPTA,* 785 F.2d 65, 67–

68 (3d Cir.1986); *Bartholomew v. Fischl,* 782 F.2d 1148, 1151–52 (3d Cir.1986); *Fletcher v. Hook,* 446 F.2d 14, 15 (3d Cir. 1971, *Williams v. Patton,* 410 F.Supp. 1, 3 (E.D.Pa.1976). In addition, Plaintiff does not allege that he is the victim of invidious racial discrimination. As stated in part B, Plaintiff admits that he has no knowledge as to whether the Defendant's conduct was racially motivated. We conclude, therefore, that Plaintiff's complaint fails to state a claim upon which relief can be granted under § 1985(3).

### *Conclusion*

Because Plaintiff failed to allege intentional racial discrimination, we dismiss his § 1981 claim. In addition, we dismiss his § 1983 claim because judicial immunity negates his claim for monetary damage, and he has no standing to request injunctive relief. Finally, the § 1985(3) claim will also be dismissed because Plaintiff has failed to demonstrate a conspiracy motivated by racial or class-based invidiously discriminatory animus.

An appropriate order will be entered.