**Pursel v. Parkland School District**

130

C.P. of Lehigh County, no. 2004-C-383.

*Anne K. Manley,* for plaintiffs.
*Paul N. Lalley,* for defendants.

BLACK, *J.,* January 11, 2005—The plaintiffs, David and Maria Pursel, seek to recover money damages for injuries to their minor son, Joshua Pursel, who was allegedly assaulted by his homeroom teacher at Parkland High School on September 23, 2003. Before the court are the defendants' preliminary objections in the nature of a demurrer to the complaint on the ground that the defendants are immune from liability under the Political Subdivision Tort Claims Act (PSTCA), 42 Pa.C.S. §8501 et seq.[1]

1. Pa.R.C.P. 1030 requires that all affirmative defenses, such as immunity from suit, be pled in a responsive pleading under "new matter." However, the Commonwealth Court has held that preliminary objections may be used to raise the immunity defense where (1) the defense appears on the face of the complaint, and (2) the plaintiff does

The plaintiffs have conceded in their memorandum of law that the PSTCA is a complete bar to recovery on their claims against the Parkland School District. Therefore, the Parkland School District is dismissed as a defendant from the present action. The plaintiffs have requested that the court retain jurisdiction over the school district on the ground that there may be a request by the individual defendants for indemnification from the school district in the event the individual defendants are found liable. However, no claim for indemnification has been made, and it is difficult to envision how such a claim could be asserted successfully on the facts alleged. Therefore, this is not a sufficient basis for retaining the Parkland School District as a defendant.

With respect to the individual defendants, based on the allegations in the complaint,[2] we find that they are also immune from liability under the PSTCA. Therefore, the complaint is dismissed as to the individual defendants also. We have, however, given the plaintiffs an opportunity to further amend their complaint, if they are able to do so in good faith, to assert a claim for willful misconduct against the individual defendants. We find that the averments in the complaint, as presently pleaded, do not set forth a cognizable claim for willful misconduct.

not file preliminary objections to the defendant's preliminary objections in the nature of a motion to strike. *Scott v. Willis,* 116 Pa. Commw. 327, 330-31 n.2, 543 A.2d 165, 167 n.2 (1988).

2. All references to the "complaint" herein are to the plaintiffs' amended complaint filed on August 25, 2004.

## FACTS

For purposes of a demurrer, we must accept as true all well-pleaded averments in the complaint together with all inferences reasonably deducible therefrom. *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). These averments are as follows: The plaintiffs are the parents and natural guardians of Joshua Pursel, a minor child born on July 11, 1986. Joshua was a student at Parkland High School on September 23, 2003. At that time the individual defendants, Dr. Gary McCartney, Richard T. Sniscek and Michelle Minotti, were all employed by the defendant, the Parkland School District, at Parkland High School as superintendent, principal and assistant principal respectively.

On September 23, 2003, while attending his homeroom class, Joshua was physically assaulted by his homeroom teacher, Robert Greacen, an employee of the Parkland School District. Specifically, Greacen physically removed the child from the classroom and threw him up against a wall outside the classroom, causing severe injuries to the child's right knee.

Greacen had engaged in similar conduct prior to this date involving other minor students at the Parkland High School. Plaintiffs believe that the individual defendants, who were Greacen's supervisors, "were aware of and on notice of said prior acts" as well as similar subsequent acts on the part of Greacen.[3] Plaintiffs also believe that individual defendants "knew or, in the exercise of ordinary care, should have known of the prior similar acts" and of Greacen's "propensity for such conduct."[4]

---

3. Complaint, ¶12.
4. *Id.,* ¶13.

The defendants failed to report Greacen for his acts against the minor child pursuant to the Pennsylvania Child Protective Services Act, 23 Pa.C.S. §6302 et seq.; and retained Greacen as an employee of the school district after they "knew, or should have known" of his propensity to engage in similar conduct.[5] The defendants agreed not to report the prior acts of Greacen in order to conceal this conduct.

## DISCUSSION

### I. *The Political Subdivision Tort Claims Act*

The PSTCA grants local government agencies a broad immunity from personal injury claims:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

The Parkland School District is a "local agency" for purposes of this statute. *Petula v. Mellody,* 158 Pa. Commw. 212, 217, 631 A.2d 762, 765 (1993).

There are exceptions to this general grant of immunity where the liability-creating conduct falls within one of eight categories enumerated at 42 Pa.C.S. §8542(b). These categories include liability arising from (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks,

---

5. *Id.,* ¶24.

and (8) the care, custody or control of animals. None of these exceptions applies to this case. Therefore, the general grant of immunity in section 8541 controls and insulates the Parkland School District from liability.

The individual defendants, Dr. McCartney, Mr. Sniscek, and Ms. Minotti, are also immune under the PSTCA to the same extent as the school district for actions within the scope of their duties, subject to certain limitations. Thus, section 8545 of the PSTCA provides:

"An employee of a local agency is not liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." 42 Pa.C.S. §8545.

This immunity is referred to as "official immunity." An important limitation on official immunity is contained in section 8550, which states:

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity), and 8549 (relating to limitation on damages) shall not apply." 42 Pa.C.S. §8550.

Under this section an employee of a local agency loses his section 8545 official immunity if his conduct constitutes "a crime, actual fraud, actual malice or willful misconduct." *Id.*

In this case the plaintiffs argue that the individual defendants committed a crime and also that they were guilty of willful misconduct which caused the injuries to their son. They base their allegation of a criminal violation on the Pennsylvania Child Protective Services Law, 23 Pa.C.S. §6302 et seq., which states in pertinent part the following:

"An administrator[6] and a school employee governed by section 6352(a)(2) (relating to school employees) shall report immediately to law enforcement officials and the appropriate district attorney any report of serious bodily injury or sexual abuse or sexual exploitation alleged to have been committed by a school employee against a student." 23 Pa.C.S. §6353(a).

"An administrator who *willfully* violates subsection (a) commits a misdemeanor of the third degree." 23 Pa.C.S. §6353(d). (emphasis added)

The plaintiffs contend that the individual defendants' failure to report the prior actions of Greacen to law enforcement officials constituted a crime, thereby depriving them of their official immunity under the PSTCA.[7] However, a failure to report is not criminal unless it was done "willfully." This requires that the defendants had actual knowledge of prior acts of Greacen that led to "serious bodily injury or sexual abuse or sexual exploitation" of a student, and that they intentionally did not report this misconduct. The complaint does not allege that

---

6. A "school administrator" is defined as "[t]he person responsible for the administration of a public or private school, intermediate unit or area vocational-technical school." 23 Pa.C.S. §6351.

7. A failure to report the injuries to the plaintiffs' son Joshua could not have been the cause of Joshua's injuries, and therefore cannot support the plaintiffs' claim in this case.

the individual defendants had actual knowledge of prior acts by Greacen involving "serious bodily injury or sexual abuse or sexual exploitation." Thus, the complaint does not plead a criminal violation of the Pennsylvania Child Protective Services Law.

The plaintiffs also argue that the individual defendants forfeited their official immunity by committing acts of willful misconduct. The problem with this argument is that the complaint does not aver any willful misconduct on the part of the individual defendants. "Willful misconduct" is more than mere negligence or even gross negligence. For purposes of section 8550 of the PSTCA, "willful misconduct" has the same meaning as the term "intentional tort." *Delate v. Kolle,* 667 A.2d 1218, 1221 (Pa. Commw. 1995); see also, Black's Law Dictionary 54 (7th ed. 1999), which defines "willful misconduct" as "misconduct committed voluntarily and intentionally." In *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 574, 212 A.2d 440, 443 (1965), the Supreme Court defined "willful misconduct" to mean that "the actor desired to bring about the result that followed, *or at least that he was aware that it was substantially certain to ensue."* (emphasis added) It is a step beyond "wanton misconduct," which "means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it *highly probable that harm would follow.* It usually is accompanied by a conscious indifference to the consequences." *Gaul v. Consolidated Rail Corp.,* 383 Pa. Super. 250, 262-63, 556 A.2d 892, 898 (1989), quoting *Prosser,* Torts §33 at 151 (2nd ed. 1955). (emphasis added)

The complaint stops short of making an allegation of willful misconduct against the individual defendants. It states that the defendants knew or, in the exercise of ordinary care, should have known, of prior similar acts of Robert Greacen, and that they failed to report these prior acts or take steps to prevent the incident at issue. These allegations would support a cause of action for negligence, but the individual defendants are immune from negligence claims. The allegation that the defendants knew *or should have known* does not support an intentional tort claim.

The complaint does not identify any intentional tort that the defendants are alleged to have committed. Count II is entitled "negligence"; Count III is entitled "respondeat superior" and pertains only to the school district; Count IV, entitled "civil conspiracy," fails to state a cognizable claim, as will be shown below; and the first 20 paragraphs of the complaint, which (though unlabeled) are presumably Count I, do not identify any intentional tort.

The case of *Scott v. Willis,* 116 Pa. Commw. 327, 543 A.2d 165 (1988), is on point. There, a teacher sexually assaulted two elementary students on school grounds. The students sued various school district officials claiming that these officials "knew or should have known about the deviate sexual tendencies of [the teacher]." *Id.* at 330, 543 A.2d at 167. The plaintiffs argued that the school officials "possessed actual or constructive knowledge of the [teacher's] past deviate sexual behavior and nonetheless retained him as an employee." *Id.* at 334-35, 543 A.2d at 169. The plaintiffs further alleged that the conduct of the school officials in retaining the teacher was "willful." The Commonwealth Court affirmed the grant

of a demurrer, finding that the official immunity provision in section 8545 of the PSTCA protected the school officials from liability. The court rejected the plaintiffs' contention that the allegations against the school officials amounted to "willful misconduct" under section 8550.

The plaintiffs have called to our attention the Federal District Court's decision in *DiSalvio v. Lower Merion School District,* 158 F. Supp.2d 553 (E.D. Pa. 2001), but we find this case to be distinguishable, both procedurally and substantively. Procedurally, *DiSalvio* involved a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Federal District Court denied the motion in view of the liberal notice-pleading provisions under the Federal Rules of Civil Procedure. The Pennsylvania Rules of Civil Procedure require fact-pleading, and as we have noted above, the plaintiffs' complaint in this case does not set forth facts that would constitute an intentional tort. Furthermore, the substantive averments in *DiSalvio* were different. The complaint alleged that the individual defendants were aware that the wrongdoer's continued abusive behavior "was substantially certain to follow if they did not act, [so that] their desire that it continue can be implied." *Id.* at 564. No such allegation has been made in the instant case.

Thus, there are two obvious deficiencies that must be cured if plaintiffs are to successfully plead a claim of willful misconduct. First, the complaint alleges that the individual defendants "knew or, in the exercise of ordinary care, should have known"[8] of prior similar actions by Greacen. This is a negligence standard; the complaint

---

8. Complaint, ¶13.

does not allege that the defendants had actual knowledge. Second, even actual knowledge of the prior acts is not sufficient to sustain a claim of intentional tort, unless the defendants were aware that a repetition of these actions was substantially certain to ensue. See *Evans v. Philadelphia Transportation Company, supra.*

For these reasons, the defendants' demurrer to the complaint is sustained on the basis of their immunity under the PSTCA. However, we grant the plaintiffs leave to amend the complaint in the event they can in good faith allege willful misconduct on the part of the individual defendants. We do so because in reviewing a demurrer, we cannot dismiss a case definitively unless it is clear that the plaintiffs cannot state a cause of action.

## II. *The Conspiracy Claim*

The conspiracy claim in Count IV has additional deficiencies beyond the immunity issue. The ingredients of a cause of action for civil conspiracy were recently summarized in *Goldstein v. Phillip Morris Inc.,* 854 A.2d 585, 590 (Pa. Super. 2004), as follows:

"In order to state a civil action for conspiracy, a complaint must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. . . . Additionally, absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." See also, *McKeeman v. Corestates Bank N.A.,* 751 A.2d 655, 660 (Pa. Super. 2000). (citations and internal quotation marks omitted)

The complaint fails in two respects to state a cause of action for conspiracy. First, the complaint does not aver any overt act on the part of a defendant to further the alleged common purpose. The plaintiffs argue that no overt act is required because the alleged conspiracy is one of concealment. In such a case they contend that inaction by the co-conspirators is sufficient. However, the case law does not support such a proposition. The requirement of an overt act is an essential part of the conspiracy law. *Goldstein,* 854 A.2d at 590. Conceal-ment may be the basis for a conspiracy claim, but only where there has been an overt act to cover up or conceal. For example, when the Watergate co-conspirators shred-ded or "deep-sixed" documents, these were overt acts aimed at furthering their common purpose of conceal-ment. The complaint does not aver any overt act to cover up or conceal in this case.

Secondly, a civil conspiracy claim cannot be based on an allegation of an *intra-corporate* conspiracy. "A single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 333-34, 612 A.2d 500, 508 (1992). Excep-tions to this rule have been made in the following three situations: (1) where the agent or employee acts in pur-suit of his or her own self-interest, not for the benefit of the corporation; (*Castle v. Crouse,* civil action no. 03-5252 (E.D. Pa. Feb. 11, 2004)); (2) where an indepen-dent third party participates in the conspiracy (*Jackson v. T & N Van Service,* civil action no. 99-1267 (E.D. Pa. May 9, 2000)); or (3) where a parent and subsidiary cor-poration are alleged to have participated in the conspiracy (*Commonwealth of Pennsylvania v. BASF Corp.,* no.

3127 (C.P. Phila. March 15, 2001)). None of these exceptions is relevant here. The complaint does not allege that the individual defendants were acting for their own self-interest, or that there was any independent third party involved, or that the conspiracy involved a parent and subsidiary corporation. Therefore, Count IV of the complaint fails to state a cause of action not only because it fails to aver an overt act, but also because of the principle that there cannot be an intra-corporate conspiracy.

For the reasons stated, the demurrer to Count IV is sustained.

## ORDER

Now, January 11, 2005, upon consideration of the defendants' preliminary objections to the plaintiffs' amended complaint, after review of the parties' briefs and oral argument, for the reasons set forth in the accompanying opinion, it is ordered that the preliminary objections are sustained as follows:

(1) The preliminary objection in the nature of a demurrer is sustained as to all claims against the defendant Parkland School District, and the complaint is dismissed as to said defendant.

(2) The preliminary objection in the nature of a demurrer is sustained as to all claims against the individual defendants, Dr. Gary McCartney, Richard T. Sniscek and Michelle Minotti, and the complaint is dismissed as to them unless the plaintiffs file an amended complaint within 20 days from the date of this order setting forth a cognizable claim for willful misconduct on the part of the individual defendants.