Calvin **DAVIS**

v.

**CHELTENHAM TOWNSHIP POLICE DEPARTMENT and Cheltenham Township Police Officer Grant Passman.**

**Civ. A. No. 90–6007.**

United States District Court, E.D. Pennsylvania.

Feb. 22, 1991.

Robert T. Vance, Jr., Brown, Vance, Jackson & Smith, Philadelphia, Pa., for plaintiff.

Robert Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

This is a § 1983 action with a pendent state claim for abuse of process. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).[1] Specifically, defendants contend that (1) the com-

---

1. In deciding a Rule 12(b)(6) motion, factual allegations of the complaint are to be accepted as true and reasonable factual inferences will be drawn to aid the pleader. *D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). The heightened specificity required for § 1983 claims does not alter this general standard. Section 1983 complaints will not be dismissed "if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988).

plaint is insufficiently pleaded as a matter of law; (2) plaintiff's false arrest and abuse of process claims are defeated by his previous entry of a guilty plea; (3) the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8542, bars recovery against the municipality; and (4) the police officer is entitled to qualified immunity. Jurisdiction is federal question. 28 U.S.C. § 1331.

## I.

According to the complaint, on March 5, 1990 plaintiff was at his home in LaMott, Pennsylvania. Complaint at ¶ 8. At 5 p.m., defendant Grant Passman, a police officer for Cheltenham Township, was investigating a complaint of suspicious persons in the area. *Id.* at ¶ 9. After plaintiff informed him that his actions were "inappropriate," Passman and other police officers entered plaintiff's home, scuffled with him, and placed him under arrest. *Id.* at ¶¶ 10, 11. He was charged with disorderly conduct and resisting arrest, and subsequently pleaded guilty to disorderly conduct as a summary offense. *Id.* at ¶ 12. Passman is alleged to have obtained an arrest warrant by misrepresenting facts so as to justify his entry into plaintiff's home and to protect himself from civil and criminal liability. *Id.* at ¶¶ 14, 15.[2]

It is also alleged that, prior to this incident, defendant Cheltenham Township police department allowed to develop a pattern and practice of illegally arresting African–Americans based upon knowingly false affidavits of probable cause. *Id.* at ¶ 20. In addition, it is alleged that the police department knew or should have known that Passman was not psychologically capable of serving as a police officer. The complaint maintains that the police department, as a matter of policy or custom, failed to employ appropriate psychological testing of its police. *Id.* at ¶ 27.

## II.

■ Plaintiff's guilty plea does not establish that probable cause existed at the time of the arrest.

It is one thing to treat a criminal conviction ... as barring a subsequent cause of action for malicious prosecution against the complaining witness. It is another to treat such a conviction as determinative of whether an arresting officer had probable cause, *at the time he made an arrest,* to have arrested someone. Whether or not an arresting officer had probable cause depends on the facts and circumstances known to police at the time of the arrest. Conviction of the accused at a subsequently held trial may demonstrate the existence, *at that later time,* of adequate evidence of guilt, but it does not necessarily reflect the sufficiency of the police's knowledge at the time of the arrest.

*Earle v. Benoit,* 850 F.2d 836, 849 (1st Cir.1988) (Emphasis in original).

On that basis, defendants' motion to dismiss plaintiff's false arrest claim must be denied.

## III.

■ Moreover, the pendent state abuse of process claim is not barred by plaintiff's having pleaded guilty. *See, e.g., Brown v. Edwards,* 721 F.2d 1442, 1449 n. 8 (5th Cir.1984) ("At common law, a civil damage suit for abuse of process is not necessarily barred merely because the criminal (or other) proceeding ... has not terminated favorably to the damage suit plaintiff"); *Brown v. Johnston,* 675 F.Supp. 287, 290–91 (W.D.Pa.1987) ("As distinguished from malicious prosecution, abuse of process does not require termination in the accused's favor or lack of probable cause"); *Junod v. Bader,* 312 Pa.Super. 92, 96, 458 A.2d 251, 253 (1983) ("[A]buse of process, which, while not requiring a favorable termination of the underlying action, does require proof of '(s)ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process'"); 29 P.L.E. Process § 8 (1960 & Supp.1990).

---

**2.** The complaint does not make clear whether Passman obtained the affidavit of probable cause and arrest warrant before or after entering plaintiff's home.

Defendants' motion to dismiss the abuse of process claim must be denied.

### IV.

 On the facts as alleged, the defense of qualified immunity cannot succeed. "The relevant question ... is the objective (albeit fact-specific) question whether ... reasonable officer[s] could have believed [their conduct] to be lawful, in light of clearly established law and the information [they] possessed." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). This is not a case in which the law governing police conduct was in doubt. Assuming plaintiff's version of the facts, the officer could not be said to have been acting in objective good faith. Accepting as true the complaint's factual allegations, as is required on this motion, defendants' qualified immunity defense cannot be sustained.[3]

### V.

Our Circuit "has routinely held that [§ 1983] complaints comply with [the general standard for ruling on motions to dismiss under Rule 12(b)(6) ] if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988). *See also District Council 47, American Federation of State, County and Municipal Employees v. Bradley*, 795 F.2d 310, 313 (3d Cir.1986); *Frazier v. Southeastern Pennsylvania Trans. Authority*, 785 F.2d 65, 68–70 (3d Cir.1986). Here, counts II and IV allege that the police department engaged in a practice, policy or custom of accepting or encouraging false probable cause affidavits and of failing to employ adequate psychological testing of police officers. However, the complaint does not plead the time, place or nature of the alleg-

edly improper conduct. As to the police department's practices, policies or customs, it is vague and conclusory. For these reasons, it fails to plead facts sufficient to survive defendants' motion to dismiss counts II and IV.[4]

Plaintiff will be granted until March 15, 1991 to amend the complaint as to these counts if he can do so with requisite facts to comply with Fed.R.Civ.P. 11 and other applicable procedural rules.

---

**3.** Inasmuch as willful misconduct is alleged, the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8550, would not bar recovery on the state claim. Moreover, the counts against the Township police department being federal claims, the Pennsylvania Tort Claims Act is inapplicable.

**4.** Inasmuch as Counts I and III allege the specific conduct that violated plaintiff's rights, the time and place of that conduct, and defendant's identity, they will not be dismissed.