631 A.2d 762

**Girard PETULA, Appellant,**

**v.**

**James MELLODY, Superintendent and The Delaware Valley School District, and Roger Lewis, Superintendent and The Montrose Area School District.**

Commonwealth Court of Pennsylvania.

Argued March 29, 1993.

Decided Aug. 30, 1993.

214

Peter G. Loftus, for appellant.

Paul A. Barrett, for appellees James Mellody and Delaware Valley School Dist.

James A. Kelly, for appellees Roger Lewis and The Montrose Area School Dist.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Girard Petula appeals from the August 25, 1992 order of the Court of Common Pleas of Wyoming County which granted motions for summary judgment filed by James Mellody, Superintendent of the Delaware Valley School District; Roger Lewis, Superintendent of the Montrose Area School District; Delaware Valley School District; and Montrose Area School District (collectively Appellees). The issue raised for review is whether the trial court erred in granting summary judgment on the basis that school districts and school superintendents are immune from suit.

The full history of this defamation action, which again comes before this Court, is outlined in detail in *Petula v. Mellody,* 138 Pa.Commonwealth Ct. 411, 588 A.2d 103 (1991) (*Petula I*), and need not be repeated here. Nevertheless, a brief summary is in order. Petula, a school administrator formerly employed by the School Districts, filed a complaint for defamatory statements allegedly made by Appellees to Petula's prospective employers. The trial court sustained Appellees' preliminary objections in the nature of a demurrer to the defamation and conspiracy to defame counts. On appeal, this Court affirmed in part and reversed in part, holding that there was insufficient evidence to support Petula's conspiracy count, but that the complaint adequately set forth contents of the allegedly defamatory statements, and thereby reinstating the defamation count. The case was remanded to the trial court for further proceedings.

Upon remand,[1] Appellees filed motions for summary judgment which asserted governmental and official immunity, and

---

1. Petula's second amended complaint before the trial court on remand contained four counts entitled libel and slander, interference with

further argued that Petula's cause of action is barred by the terms of a document executed by him which purportedly released Appellees from liability for the information disclosed by them. In granting the motions, the trial court held that Appellees are local government agencies or employees of such agencies; that Mellody and Lewis were acting within the scope of their employment at the time of the alleged acts; and that there was no genuine issue of material fact. Relying on the cases of *Malia v. Monchak*, 116 Pa.Commonwealth Ct. 484, 543 A.2d 184 (1988), and *Goralski v. Pizzimenti*, 115 Pa.Commonwealth Ct. 210, 540 A.2d 595 (1988), the trial court concluded that "school districts and school superintendents are immune from suit, insofar as the cause of action sounds in defamation, as it does here." Trial Court Opinion, p. 2. The trial court further noted, "[n]one of the eight enumerated exceptions to governmental or official immunity set forth in 42 Pa.C.S.A. Section 8542 are here applicable." *Id.*

 When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Downing v. Philadelphia Housing Authority*, 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992). Summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes entitlement to judgment as a matter of law. Pa.R.C.P. No. 1035(b). In considering a motion for summary judgment, all well-pleaded facts in the non-moving party's pleadings must be accepted as true. *Downing.* In order for a summary judgment motion to be sustained, the case must be clear and free from doubt. *Benson v. City of Philadelphia*, 146 Pa.Commonwealth Ct. 388, 606 A.2d 550, *appeal denied*, 532 Pa. 657, 615 A.2d 1313 (1992).

potential contractual relationships, invasion of privacy, and punitive damages.

■ At the outset, it is clear that the trial court was correct in its holding that the School Districts are immune from suit in a cause of action sounding in defamation. Under the Judicial Code, a school district is defined as a local agency for purposes of governmental immunity. *Goldsborough v. Department of Education*, 133 Pa.Commonwealth Ct. 487, 576 A.2d 1172 (1990), *aff'd*, 528 Pa. 588, 599 A.2d 645 (1991). Where a plaintiff has averred willful misconduct on the part of local agency employees, Section 8542(a)(2) of the Judicial Code, 42 Pa.C.S. § 8542(a)(2), bars recovery from the local agency because liability may be imposed on the local agency only for negligent acts. *City of Philadelphia v. Glim*, 149 Pa.Commonwealth Ct. 491, 613 A.2d 613 (1992). Furthermore, an action in defamation falls within none of the eight enumerated exceptions to local agency immunity set forth in Section 8542(b), 42 Pa.C.S. § 8542(b). *Goralski*. Moreover, Section 8550, 42 Pa.C.S. § 8550, does not create an exception to Section 8542 and as a result, does not permit the imposition of liability on a local agency for the willful misconduct of its employees. *Glim*. The trial court's decision is therefore affirmed to the extent that it held the School Districts immune from suit.

■ Petula next argues that Mellody and Lewis were acting outside the scope of their employment, contrary to the trial court's holding, by among other things spreading false information about Petula throughout the Commonwealth to numerous school districts and at all times acted with actual fraud, malice, and willful misconduct in order to harm Petula. The allegations from paragraphs 12 and 15 of Petula's second amended complaint are set forth in full in *Petula I* and need not be repeated here. The situation presented is thus similar to *Rok v. Flaherty*, 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987), *appeal denied*, 517 Pa. 628, 538 A.2d 880 (1988), where a defamation complaint was filed against Pittsburgh city controller Thomas Flaherty. The trial court dismissed Rok's complaint, concluding that Flaherty enjoyed absolute immunity. On appeal, this Court reversed the trial court on the following basis:

It cannot be said with certainty that the facts Rok alleges, if proved, would sustain a cause of action. Questions remain as to whether all of Flaherty's statements were made within the scope of his employment, and there are enough extenuating circumstances here to merit an examination of whether Flaherty's actions exceeded that scope. For this reason, we hold that the lower court committed an error of law.

*Id.,* 106 Pa.Commonwealth Ct. at 577, 527 A.2d at 214. This Court then remanded the case for further proceedings on this issue. As in *Rok,* factual questions remain here as to whether Mellody and Lewis' statements were made outside the scope of their employment. Therefore, the trial court erred in granting summary judgment on this basis.

Petula further argues that the trial court erred in declaring Mellody and Lewis immune from suit because of their status as school superintendents, and contends that their conduct falls within the meaning of willful misconduct as set forth in Section 8550 of the Judicial Code. Section 8550 abrogates the immunity defenses and protections provided to a local agency employee under provisions of Section 8549 (extent of official liability generally), 8546 (defense of official immunity), 8548 (local agency indemnity), and 8549 (limitation on damages) when the alleged wrongful conduct of the employee constitutes a crime, actual fraud, actual malice or willful misconduct. *Malia.* Thus, under the analysis provided by *Malia,* the trial court's inquiry does not end with a determination of whether the alleged wrongful conduct falls within the scope of Mellody and Lewis' duties or is reasonably related to their duties. If the court determines that the alleged wrongful conduct does indeed fall within the scope of their duties, the trial court must then examine Petula's complaint to determine if the alleged wrongful conduct constitutes willful misconduct within the meaning of Section 8550. *Id.* "If it does, [the defendants] have waived their right to assert immunity to defamation on the basis that the alleged wrongful

conduct was within or reasonably related to their duties." *Id.*, 116 Pa.Commonwealth Ct. at 492–93, 543 A.2d at 189.[2]

Furthermore, the trial court sub judice was in error in relying upon *Malia* for the proposition that school superintendents are immune from suit in a defamation action. To the contrary, this Court in *Malia* held that no allegations were made or facts pleaded to sufficiently establish actual malice or willful misconduct and thus the defendants were entitled to assert an immunity defense for that reason only. The trial court was also in error in relying on *Goralski* for the same proposition. In *Goralski*, the question was whether a school district's business manager's statements were defamatory. However, this Court held that Section 8550 of the Judicial Code was inapplicable to the case and that the business manager was immune because no evidence was presented to show that his conduct constituted actual malice or willful misconduct. *Malia* and *Goralski* clearly do not stand for the broad proposition that school superintendents are immune from suit in a defamation action.

 Appellees contend that Mellody and Lewis are entitled to absolute immunity as high public officials and that the trial court was correct in granting summary judgment. It has long been the law in this Commonwealth that high public officials are exempted by the doctrine of absolute privilege from civil suits for damages arising out of false defamatory statements and even from statements motivated by malice, provided the statements are made in the course of the official's duties or powers and within the scope of the high official's authority or within his or her jurisdiction. *Montgomery v. Philadelphia*, 392 Pa. 178, 140 A.2d 100 (1958); *Rok.*

2. That local agency employees may still be held liable even if they acted within the scope of their duties is in contrast to the protection afforded Commonwealth employees. When an employee of a Commonwealth agency acted within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims. *La Frankie v. Miklich*, 152 Pa.Commonwealth Ct. 163, 618 A.2d 1145 (1992).

■ The abrogation of immunity defenses provided for in Section 8550 of the Judicial Code is applied only in those cases regarding employees of local agencies and has no bearing on the common law absolute privilege regarding high public officials. *Factor v. Goode,* 149 Pa.Commonwealth Ct. 81, 612 A.2d 591 (1992), *appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993). The trial court however did not decide that Mellody and Lewis were immune because they were high public officials but rather because they were local agency employees. Thus because of the disposition reached, this Court need not address the arguments presented by Appellees, including those concerning Petula's alleged consent and release.[3] It should be noted nonetheless that in *Habe v. Fort Cherry School District,* 786 F.Supp. 1216 (W.D.Pa.1992), the district court, relying upon *Montgomery,* held that a school superintendent was not absolutely privileged from defamation liability.[4]

Accordingly, the trial court is affirmed to the extent that it granted summary judgment to the School Districts. The trial court's grant of summary judgment to Mellody and Lewis

**3.** Appellees suggest that Petula's statement of issues presented for review does not comply with Pa.R.A.P. 2116 in that it neither states nor suggests a question for review or a point to be considered, and that all of the issues suggested by the order appealed from should be deemed waived, citing *East Allegheny School District v. Secretary of Education,* 145 Pa.Commonwealth Ct. 477, 603 A.2d 713 (1992). That case, however, is inapposite because the issue presented was not addressed in the petitioner's brief and was first raised in petitioner's reply brief. When Petula's statement of the issues is combined with the fuller exploration of the issues in his brief, any deficiencies by themselves do not render the matter incapable of meaningful appellate review. This is not a case in which the appeal should be quashed due to numerous substantial defects in an appellant's brief, as in *Radman v. Commonwealth,* 135 Pa.Commonwealth Ct. 401, 580 A.2d 480 (1990), *appeal denied,* 528 Pa. 614, 596 A.2d 160 (1991), and *Sudduth v. Commonwealth,* 135 Pa.Commonwealth Ct. 392, 580 A.2d 929 (1990).

**4.** Petula and Appellees each cite *Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) to support their respective arguments. The Court in *Hafer* specifically rejected the Pennsylvania auditor general's argument that state officials may not be subject to liability under 42 U.S.C. § 1983 in their personal capacity for actions they take in their official capacity. The Court's holding, however, turned on the particular federal pleading requirements under Section 1983 actions. *Hafer* is thus inapposite to the present matter.

however is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 30th day of August, 1993, the order of the Court of Common Pleas of Wyoming County is affirmed with respect to the grant of summary judgment to the Delaware Valley School District and the Montrose Area School District; and is reversed as to the grant of summary judgment to James Mellody and Roger Lewis. This case is remanded to the trial court for further proceedings as to Appellees Mellody and Lewis.

Jurisdiction relinquished.