## Friendship Fire Company No. 2 v. Durbano

C.P. of Delaware County, no. 93-5113.

*Thomas J. Fieger Jr.,* for plaintiff.
*Larry D. Jackson,* for defendants.

BATTLE, *J.,* July 21, 1995—The plaintiff, Friendship Fire Company, filed a complaint against the defendants, the Lower Chichester Volunteer Fire Company, George Durbano, John Anthony Rim, Mark Lamplugh, and George Lamplugh. The complaint alleges separate counts of defamation, conspiracy, misrepresentation, and tortious interference with the plaintiff's right to contract. More specifically, the complaint states that

the plaintiff, Friendship Fire Company No. 2, and the defendant, Lower Chichester Volunteer Fire Company, were both state-recognized volunteer fire companies for the Lower Chichester Township community. The plaintiff alleges that the defendants made fraudulent misrepresentations to the press, the public, and township officials with the intent of causing damage to the plaintiff's reputation. It is further alleged by the plaintiff that such actions resulted in the township commissioners' express withdrawal of recognition of the plaintiff as a township fire company; such actions resulted in a loss of township subsidization. As a result of this harm, the plaintiff seeks punitive damages against the defendants for harm to its reputation and loss of revenue.

The defendants request a dismissal of the complaint and have filed the following preliminary objections in support of their request:

(1) Plaintiff, Friendship Fire Company, is a governmental entity and is incapable of being libeled.

(2) The defendant, Lower Chichester Volunteer Fire Company, is a local agency which cannot be held liable for damages pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

(3) The officials are immune from suit under 42 Pa.C.S. §8545.

(4) The plaintiff failed to cause personal service of the complaint on the defendant, Mark Lamplugh, as required by Pa.R.C.P. 402(a).

When deciding a motion to dismiss, the court must examine the facts in the light most favorable to the non-moving party. In doing so, the court takes all of the allegations averred in the complaint as a true depiction of the defendant's alleged misconduct. A motion to dismiss will be granted if the complaint either fails

to state a claim or is in some other way legally deficient. For the following reasons the court hereby grants the defendants' motions to dismiss. Each of the defendants' preliminary objections will be addressed below.

## 1. WHETHER THE PLAINTIFF IS A GOVERNMENTAL ENTITY AND IS THEREFORE INCAPABLE OF BEING LIBELED

At the time of the injury, the plaintiff was a recognized fire company under state charter. It was, therefore, a governmental local agency for purposes of 42 Pa.C.S. §8501. In *City of Philadelphia v. Washington Post Company,* 482 F. Supp. 897 (E.D. Pa. 1979), the court was confronted with a complaint brought by the city against the *Washington Post* newspaper, charging that the newspaper had published malicious statements relating to alleged conduct of police oppression, for the sole purpose of falsely and maliciously misleading the public. The court, in granting the defendant's motion to dismiss, stated: "The city cannot maintain an action for libel on its own behalf. A governmental entity is incapable of being libeled . . . [T]o permit such a lawsuit to be maintained either on behalf of the city itself, the citizens of the city, or officials or employees of the city would plainly violate the First Amendment of the United States Constitution." *City of Philadelphia, supra* at 899.

Further, the United States Supreme Court in *NY Times Co. v. Sullivan,* 376 U.S. 254 (1964), stated that no court of last resort in this country has ever held, or even suggested, that actions for libel against the government have any place in the American system of jurisprudence. See also, *Rosenblatt v. Baer,* 383 U.S. 75, 86 S.Ct. 669 (1966). The United States Supreme Court found that, if such actions were allowed, the

floodgates would be swung open with suits brought by governmental agencies who had been subject to personal criticism. As stated in the Lower Chichester Volunteer Fire Company's brief:

"A rule of law which would permit the plaintiff fire company, a former agency of local government, to maintain an action for damages against yet another agency and its officials on the former's claim, that false statements uttered by the latter      to its exclusion from public service by elected officials, would be repugnant to the guarantees embodied in the free speech and debate clauses of the First Amendment."

Such action would enable governmental agencies, motivated by their own personal political agenda, to seek prosecution of civil lawsuits against their political opponents; such suits would be motivated by the actor's own personal agenda and not by the desire to better serve the public which has entrusted them with their future and welfare.

The defendants' motions to dismiss regarding the libel claim are hereby granted.

## 2. WHETHER THE DEFENDANT, MARK LAMPLUGH, WAS IMPROPERLY SERVED UNDER PA.R.C.P. 402(a)

The plaintiff has failed to personally serve the defendant, Mark Lamplugh, with original service of process according to Pa.R.C.P 402. The rule states in pertinent part:

"(a) original process may be served

"(1) by handing a copy to the defendant or

"(2) by handing a copy

"(i) at the residence of the defendant to an adult member of the family with whom he resides; but if

no adult member of the family is found, then to an adult person in charge of such residence; or . . .

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

In this instance, the plaintiff purported to effectuate service of the complaint upon the defendant, Mark Lamplugh, by enclosing it with a letter addressed and mailed to the defendant. This is not proper service according to Pa.R.C.P. 402(a) which states that original process must be served by physically handing the complaint to either the defendant or another individual specifically listed under the rule. Mailing the complaint is not personal service, nor is mailing it to the defendant's attorney, as the plaintiff has done. An attorney does not qualify as an appropriate receiver of the complaint under Pa.R.C.P 402(a).

The plaintiff, Friendship Fire Company, contends that the defendant's attorney qualifies as an authorized agent of the defendant for purposes of Pa.R.C.P 402(b), and as such may be served the complaint in lieu of Pa.R.C.P 402(a). The plaintiff's interpretation of Rule 402(b) is erroneous. Rule 402(b) provides that

"In lieu of service under this rule; the defendant or his authorized agent may accept service of original process by filing a separate document."

An attorney does not qualify as an authorized agent unless the client expressly grants him that authority. Neither the defendant, Mark Lamplugh, nor his attorney filed a separate document agreeing to accept personal service in any manner other than according to Rule 402(a). Therefore, service was not properly effectuated. *U.K. LaSalle Inc. v. Lawless,* 421 Pa. Super. 496, 500, 618 A.2d 447, 448 (1992). It is well established that if service is not properly effectuated upon a named

defendant, the court will then lack personal jurisdiction over that individual and hence, will not be able to render judgment against that defendant. *Id.*

This does not mean, however, that the plaintiff's complaint against the defendant must be dismissed. Pa.R.C.P. 401 provides that a "writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.C.P. 401(b)(2). Hence, the defendant's inability to complete service does not render the complaint void. However, even if the complaint was reinstated and properly served, the complaint would be dismissed for other reasons discussed herein.

### 3. WHETHER THE DEFENDANT, LOWER CHICHESTER VOLUNTEER FIRE COMPANY, IS IMMUNE FROM SUIT

42 Pa.C.S. §8541 states that: "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

In *Guinn v. Alburtis Fire Company,* 531 Pa. 500, 614 A.2d 218 (1992), the court dealt with the issue of whether a volunteer fire company is entitled to governmental immunity where the fire company is not engaged in firefighting activity. The court found that a volunteer fire company is a local agency entitled to immunity under 42 Pa.C.S. §8541. The term local agency is defined as a government unit other than the Commonwealth government. 42 Pa.C.S. §8501. This definition includes any political subdivision or officer or agency thereof. 42 Pa.C.S. §102. Hence, a volunteer fire company created pursuant to relevant law and legally recognized as the official fire company for a political subdivision is a local agency.

The statute does not limit immunity to situations where the local agency is acting in its official capacity; the court therefore reads this as broadly encompassing both actions within and outside the scope of the company's firefighting duties.

This protection of immunity afforded to the fire company under 42 Pa.C.S. §8541 may be challenged only if an exception to the immunity defense can be found under 42 .S. §8542.

Section 8542 reads in relevant part:

"A local agency shall be liable for damages on account of an injury to a person or property . . . if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. §8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b) . . . . Negligent acts shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct."

Subsection (b) describes the acts for which liability may be imposed. These exceptions are: (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal

property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of a toxoid or vaccine. 42 Pa.C.S. §8542(b). None of those listed in this subsection pertain to the present injury that the plaintiff, Friendship Fire Company, is claiming to have incurred.

42 Pa.C.S. §8542(1) states that the provision imposes liability on individuals not protected by section 8541 or section 8546. The defendant fire company in this case is indeed protected under the aforementioned provisions. Further, 42 Pa.C.S. §8542(b) makes an exception only for acts of negligence and not conduct such as "crime, actual fraud, malice or willful misconduct." 42 Pa.C.S. §8542. It is precisely the latter and not the former which the plaintiff, Friendship Fire Company, is alleging in the complaint. The plaintiff's claim against the defendant, Lower Chichester Fire Company, therefore, does not meet any exception to section 8541 or section 8542 and hence, may not stand.

## 4. WHETHER THE INDIVIDUAL DEFENDANTS ARE IMMUNE FROM SUIT

The plaintiff claims that the defendants, acting in their individual capacities and outside the scope of their employment, made defamatory statements in a conspiracy to discredit the plaintiff fire company. In order for the individual defendants to successfully claim im-

munity, it must be determined that the defendants, at all relevant times, acted within the scope of their employment as employees and officers of the Lower Chichester Volunteer Fire Company according to Pa.R.C.P. 8545 (official immunity) and 8546 (defenses to official immunity).

Further, it must also be established that the defendants' actions were performed in a manner constituting crime, actual fraud, actual malice, or willful misconduct. If such a determination is made, then the provisions of sections 8545 and 8546 would not apply and the defendants would not be immune from suit. See *Malia v. Monchak,* 116 Pa. Commw. 484, 543 A.2d 184 (1988); *Petula v. Mellody,* 158 Pa. Commw. 212, 218, 631 A.2d 762, 765 (1993). However, it has hereinbefore been resolved that the plaintiff is a governmental agency which may not be libeled. Therefore, it is not relevant to discuss whether the individual defendants are immune from suit; for even if the defendants made defamatory statements, a suit on such grounds may not be maintained since the plaintiff cannot be libeled.

Likewise, the plaintiff's claim of tortious interference with a right to contract is also predicated on alleged libelous statements made by the defendants and may not stand.

For the foregoing reasons, the plaintiff's complaint against the defendants is hereby dismissed.

## ORDER

And now, to wit, July 21, 1995, upon consideration of the defendant's preliminary objections and the responses thereto, it is hereby ordered and decreed that said preliminary objections are granted and the complaint is dismissed.