Thomas E. DELATE, Appellant,

v.

G. Frederick KOLLE, and Lloyd
H. Klatzkin and William T.
Bueltman.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1995.
Decided Dec. 1, 1995.

Thomas E. Delate, pro se.

Roger F. Gordon, for appellees.

Before DOYLE, KELLEY, JJ., and
NARICK, Senior Judge.

DOYLE, Judge.

Thomas E. Delate appeals from an order
of the Court of Common Pleas of Bucks
County which granted a motion for summary
judgment filed by G. Frederick Kolle, Lloyd
H. Klatzkin and William T. Bueltman (collec-
tively, Appellees).

The relevant facts are as follows. Delate filed a personal injury action against Appellees, all of whom were members of the Zoning Hearing Board of Lower Makefield Township (the ZHB), seeking compensatory and punitive damages in excess of $15,000 for their willful misconduct in the adjudication of a zoning case heard by the ZHB during 1989 and 1990.

The zoning case from which this present case arose involved a request for a variance and/or a special exception filed by the Congregation Beth–El (Beth–El) to enable Beth–El to build a synagogue on a 5.75 acre parcel of land located in Lower Makefield Township.[1] Delate, a licensed attorney acting on his own behalf and on behalf of other interested residents, opposed Beth–El's request. After a hearing, the ZHB granted Beth–El's request for a special exception, subject to 13 conditions. The ZHB also granted Beth–El a variance from the required number of off-street parking spaces.[2]

Delate, along with the other objecting neighbors appealed this decision to the court of common pleas, which remanded the case to the ZHB for a determination of the exact area of Beth–El's lot and whether a variance from the minimum lot area requirement should be granted. The ZHB found that due to rights-of-way granted for widening existing roads surrounding the property, the actual area of Beth–El's lot was only 4.82 acres for zoning purposes, and not 5.75 acres as previously thought. Since the minimum lot area for the proposed use was 5 acres under the Zoning Ordinance, Beth–El required a .18 acre variance in order to build the synagogue.

The ZHB subsequently granted Beth–El the additional variance, and the protesters once again appealed to the court of common pleas. After the court of common pleas affirmed, the protesters appealed to this Court. In an unreported decision,[3] we reversed the trial court on the grounds that the ZHB had improperly granted Beth–El a variance from the required number of off-street parking spaces.[4]

Delate subsequently filed his present suit against Appellees in common pleas court, alleging that their actions in granting Beth–El a variance constituted willful misconduct and caused him damages in excess of fifteen thousand dollars. In the complaint, Delate made the following specific allegations regarding Appellees' conduct:

9. Each Defendant abused his office to the injury and damage of Plaintiff in the course of the said Appeal(s) and in the issue of the said decisions as more particularly described hereinafter.

10. Each Defendant accepted fallacious evidence, knowing it to be fallacious, knowingly adopted fallacious evidence as part of his decision(s), and knowingly used the fallacious data as a basis for knowingly making fallacious computations that are included in his decision(s);

11. Each Defendant deliberately refused to apply the provisions of the Zoning Ordinance of Lower Makefield Township to the Application(s) of Congregation Beth–El under consideration in the said Appeals;

12. Each Defendant deliberately refused to refer to, and deliberately refrained from referring to, the provisions of the Zoning Ordinance of Lower Makefield Township and of the Pennsylvania Municipalities Planning Code that he relied upon in granting the variances he granted and in reaching the other conclusions in his deci-

---

1. Beth–El also owned a second lot, comprising approximately 2.8 acres, which is separated from the first lot by a public road which runs between them. However, this second lot was not directly relevant to the decision in the zoning case.

2. The plans for the synagogue provided for classrooms, a nursery school and a social hall, with parking for 105 cars. The zoning code required parking for 750 cars.

3. *Appeal of Day* (No. 1555 C.D. 1990, filed April 3, 1991).

4. We held that there was no unnecessary hardship. Any hardship to Beth–El was found to be self-imposed, a result of the size of the proposed structure and not intrinsic to the property itself. Furthermore, even if Beth–El planned to use a second lot across the street as a parking area to alleviate the lack of on-site parking on the first lot, such a use was not sanctioned by the Zoning Ordinance and would, therefore, also require a variance. *Appeal of Day*, at 4–5.

sion(s), thus deliberately failing to comply with the provisions of section 908(9) of the Pennsylvania Municipalities Planning Code, even though Plaintiff in Plaintiff's brief had made him fully aware of this requirement;

13. Each Defendant harassed the Plaintiff and/or plaintiff's witnesses in the course of Plaintiff's presentation and in the cross examination of the witnesses for Congregation Beth–El;

14. Each Defendant deliberately refrained from correcting in his decision on remand the fallacious computations and erroneous conclusions made in his original decision.

15. Each Defendant participated in the entering of findings of Fact, Decision, and Order that granted a "de minimis" variance from the requirements of the Zoning Ordinance as to "lot" and by the use of obfuscation sought to have the variance interpreted as a variance from "lot area: minimum" and "minimum lot area" as those terms are defined and used in the Zoning Ordinance.

16. Plaintiff, solely by reason of the actions of the Defendants and each of them, was required to expand many hours and weeks of time in research, analysis, drafting, typing, travelling, taking depositions, appearing in court to appeal their decisions and orders, and performing other tasks.

(Complaint at 2–3; Reproduced Record (R.R.) at 4a–5a.)

Appellees filed preliminary objections, which were dismissed by the trial court. Appellees then filed an answer in which they denied all material allegations contained in the complaint and in new matter raised the defense of governmental immunity under Sections 8541–8559 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8559.

After discovery, Appellees moved for summary judgment, arguing that they were immune from suit since they were acting solely in their capacities as members of the ZHB, and thus Delate had failed to establish a cause of action against them. The trial court concluded that there was no evidence in the record which would establish that Appellees had engaged in willful misconduct and grant-ed the motion for summary judgment, holding that Appellees' conduct did not fall within the exception to immunity contained in Section 8550 of the Code.

On appeal, Delate argues that the trial court erred by concluding: (1) that Appellees are immune from suit under the Code since there was no evidence that Appellees had engaged in willful misconduct; (2) that there were no genuine issues of material fact as to whether Appellees had engaged in willful misconduct; and (3) that Appellees were entitled to judgment as a matter of law.

■ When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Petula v. Mellody*, 158 Pa.Cmwlth. 212, 631 A.2d 762 (1993). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is clearly entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b); *Downing v. Philadelphia Housing Authority*, 148 Pa.Cmwlth. 225, 610 A.2d 535 (1992), *petition for allowance of appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992). In addition, before an order granting summary judgment may be sustained, the entire record must be viewed in the light most favorable to the non-moving party and all well pled facts must be accepted as true. *Petula*.

In the present case, the trial court found that Appellees, who were at all times acting in their capacity as members of the ZHB, were entitled to immunity under the Code. However, Delate contends that Appellees are not entitled to immunity in this case since their actions constituted "willful misconduct."

Section 8550 of the Code states:

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or *willful misconduct*, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity),

8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. § 8550 (emphasis added).

■■■ Delate has failed, however, to make sufficient factual allegations to support the conclusion that Appellees have committed willful misconduct. Apart from the bald assertions in Delate's complaint, there is absolutely nothing in the record, including the complaint, interrogatories, Delate's deposition, and requests for admissions, which would support such a conclusion. Since a plaintiff cannot survive a motion for summary judgment solely on the basis of conclusory allegations made in the complaint, we find that summary judgment was properly entered against Delate. *See Hughes v. Council 13, American Federation of State, County and Municipal Employees, AFL–CIO*, 157 Pa.Cmwlth. 96, 629 A.2d 194 (1993).

■■■ In essence, Delate's argument amounts to little more than the contention that Appellees, by reaching the wrong legal conclusion in the zoning case, committed willful misconduct. Certainly, the mere failure to reach the correct legal conclusion in a zoning case does not constitute the type of purposeful conduct which is necessary for a finding of willful misconduct. For the purposes of the Code, "willful misconduct" has the same meaning as the term "intentional tort." *Kuzel v. Krause*, 658 A.2d 856 (Pa. Cmwlth.1995). If Appellees were held liable in this case for simply having failed to make the correct legal decision as members of the ZHB, all public officials who render legal decisions, including the members of this Court, would be subject to suit whenever one of their decisions was later overturned by a higher tribunal. Such a result is contrary to the purpose of the Code and would undermine the operation of justice throughout our Commonwealth.

The members of a zoning hearing board have previously been held to enjoy immunity for decisions made by them in their official capacity. *See Urbano v. Meneses*, 288 Pa.Superior Ct. 103, 431 A.2d 308 (1981) (zoning board members enjoy quasi-judicial immunity); *cf. Factor v. Goode*, 149 Pa. Cmwlth. 81, 612 A.2d 591 (Pa.Cmwlth.1992)

(holding that high public officials enjoy absolute privilege against civil suit which is not abrogated by Section 8550 of the Code, 42 Pa.C.S. § 8550). Furthermore, Section 8546 of the Code, 42 Pa.C.S. § 8546, protects Appellees from suit where they acted in good faith and reasonably believed their decision was authorized by law. There is simply nothing in the record to even suggest that Appellees intentionally reached the wrong decision knowing that it was wrong, acted from corrupt motives, or engaged in any other type of conduct which would demonstrate willful misconduct. Since Delate has failed to point to any specific facts alleged anywhere in the record which would support a finding of willful misconduct and bring Appellees' conduct within the exception to immunity found in Section 8550 of the Code, we must reject Delate's arguments in their entirety.

We affirm the trial court's judgment granting Appellees' motion for summary judgment.

### *ORDER*

NOW, December 1, 1995, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.