Stuart GALLAHER, Plaintiff,

v.

Thomas GOLDSMITH and City of Easton, Defendants.

No. 02–CV–3.

United States District Court,
E.D. Pennsylvania.

July 26, 2002.

Jordan B. Yeager, Boockvar & Yeager, Bethlehem, PA, for plaintiff.

Barbara A. O'Connell, Sweeney & Sheehan, Philadelphia, PA, for defendants.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Stuart Gallaher ("plaintiff" or "Gallaher") has filed suit against his employer, the City of Easton ("city" or "Easton") and its mayor, Thomas Goldsmith ("mayor" or "Goldsmith") (collectively "defendants"), alleging that the defendants violated his civil rights under 42 U.S.C. § 1983 (" § 1983 claim") and that the City of Easton violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL"). Specifically, Gallaher alleges that defendants terminated him from his position as Assistant Business Administrator in retaliation for opposing the mayor's policies on collecting for overdue water bills and upon his termination, the city refused to pay him the full amount of his earned salary. Defendants filed a motion to dismiss Counts I, III, and IV of plaintiff's complaint on March 4, 2002. Before me now is that motion.

### Legal Standard

On a motion to dismiss, the court may dismiss a claim only if the plaintiff cannot demonstrate any set of facts in support of the claim that would entitle him or her to relief. *Williams v. New Castle County*, 970 F.2d 1260, 1266 (3d Cir.1992). In considering the motion to dismiss, the court must accept as true all factual allegations in the complaint and all reasonable inferences that may be drawn therefrom, construing the complaint in the light most favorable to the plaintiff. *See Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d Cir.1997).

### Count I: Violation of 42 U.S.C. § 1983 by Mayor Goldsmith

Public officials have the affirmative defense of qualified immunity as a shield from liability for their official actions unless those actions violate "clearly established statutory or constitutional rights of which a reasonable person would ... have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When analyzing a qualified immunity claim, a court must first identify the constitutional or statutory right at stake and then determine if that right was clearly established at the time the defendants violated those rights. *See Altieri v. Pennsylvania State Police*, 2000 WL 427272, No. Civ.A. 98–CV–5495 at *12 (E.D.Pa. April 19, 2000). In order to determine if a right is clearly established the court must ask if it would have been clear to a reasonable official that his or her conduct violated the law. *See DeBellis v. Kulp*, 166 F.Supp.2d 255 (E.D.Pa.2001).

In addition to qualified immunity, a state or municipal official may claim immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa.C.S. §§ 8541, *et seq.* That law provides immunity for state and municipal officials from liability for damages from injuries resulting from their acts, unless enumerated as one of the eight exceptions to immunity or where the court determines that the acts were a result of "willful misconduct." *See Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994). Willful misconduct arises where the "actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Id. quoting Evans v. Philadelphia Transp. Co.*, 418 Pa. 567, 212 A.2d 440 (1965). Further, the Tort Claims Act only protects officials from state law claims and affords no protection from liability on federal claims. *See Davis v. Cheltenham Township Police Dep't*, 767 F.Supp. 104, 107 n. 3 (E.D.Pa.1991).

In the instant case, Gallaher has named Mayor Goldsmith as a defendant in both his official and individual capacities. The defendants seek the dismissal of the mayor

from this suit on the basis of qualified immunity and the immunity afforded to him under the Tort Claims Act. Plaintiff opposes this on the grounds that the mayor does not meet the legal requirements to claim immunity.

■ Gallaher's complaint alleges that Goldsmith violated his constitutional rights, as guaranteed by the First and Fourteenth Amendments. Because plaintiff pled a valid constitutional right he has satisfied the first prong of the qualified immunity inquiry. It must next be determined if that right was "clearly established." *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. A right is clearly established if it would have been clear to a reasonable official that his or her conduct violated the law. *See DeBellis v. Kulp*, 166 F.Supp.2d 255 (E.D.Pa.2001). Gallaher's complaint alleges that the mayor dismissed him for speaking out on a matter of public concern. While this assertion will not in and of itself satisfy the second prong of qualified immunity analysis, plaintiff may be able to demonstrate facts supporting his contention. Development of the record may, for example, show whether Gallaher's comments did, in fact, address a matter of public concern and that at the time, the law was clearly established. Therefore, on this motion to dismiss, the mayor cannot use qualified immunity to shield himself from Gallaher's § 1983 claim.

■ Nor can Goldsmith seek the immunity protections of the Tort Claims Act. Plaintiff has brought his suit pursuant to federal law and the Tort Claims Act only protects public officials from suit on state law claims. *See Davis*, 767 F.Supp. at 107 n. 3. Therefore, Count I of plaintiff's complaint remains a viable cause of action against Mayor Goldsmith.

### Count III: Violation of FLSA by the City of Easton

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, provides numerous protections to employees, regulating areas such as wages, hours, and overtime compensation. FLSA applies to claims against municipalities. *See Brooks v. Village of Ridgefield Park*, 185 F.3d 130, 134 (3d Cir.1999). Though the scope of the act is far reaching, certain exceptions exist. One of these exemptions includes "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1) (2000).

■ Defendants contend that plaintiff, as the Assistant Business Manager for the City of Easton, was an exempt employee as defined by the statute. Therefore he may not pursue a claim under FLSA. While the defendants may eventually prevail on this argument, the inquiry is fact intensive, inappropriate for adjudication on a motion to dismiss. Relevant factors include whether the city paid Gallaher on a salary or hourly basis, whether his work required some type of advanced knowledge, and his day to day job responsibilities. Given the opportunity to develop the record, plaintiff may be able to demonstrate that, in spite of defendants' assertion to the contrary, he was not an exempted employee and therefore may recover under the act. Defendants' motion to dismiss Count III of plaintiff's complaint is denied.

### Count IV: Violation of Wage Payment and Collection Law by the City of Easton

■ The Pennsylvania Wage Payment and Collection Law provides a vehicle through which and employee may collect wages owed to him or her from a delinquent employer. *See* 43 Pa.C.S. § 260.1 *et seq.; Wurst v. Nestle Foods Corp.,* 791

F.Supp. 123 (W.D.Pa.1991). The act defines an employer as "every person, firm, partnership, association, corporation, or receiver ... employing and person in this Commonwealth." 43 Pa.C.S. § 260.2a. Municipal corporations are not included in this definition and therefore courts have determined that the PWPCL does not apply to entities such as boroughs, school districts, and counties. *See Huffman v. Borough of Millvale,* 139 Pa.Cmwlth. 349, 591 A.2d 1137, 1138–39 (1991); *see also, Ziegler v. The County of Bucks,* Civ. A. No. 89–4561, 1992 WL 129643 at *12–13 (E.D.Pa. June 8, 1992); *Philipsburg–Osceola Educ. Ass'n v. Philipsburg–Osceola Area Sch. Dist.,* 159 Pa.Cmwlth. 124, 633 A.2d 220, 223 (1993).

Defendants argue that I should dismiss Count IV of plaintiff's complaint because established law provides that the PWPCL does not extend to employers such as the City of Easton. Gallaher contends that because the Pennsylvania Supreme Court has not decided the issue, I can read the statute to include municipal employers. However, I find no reason to do so instead of adopting the sound and persuasive reasoning of the Commonwealth Court. Because plaintiff cannot state a cause of action against the city under the PWPCL, I will grant defendants' motion to dismiss Count IV of plaintiff's complaint.

### ORDER

**AND NOW**, this 25th Day of July 2002, it is **ORDERED** that defendants' motion to dismiss Counts I, III, and IV of plaintiff's complaint (docket entry # 3), is **DENIED IN PART** and **GRANTED IN PART** as follows:

(1) Defendants' motion to dismiss Count I is **DENIED**;

(2) Defendants' motion to dismiss Count III is **DENIED**;

(3) Defendants' motion to dismiss Count IV is **GRANTED**.