Jacqueline **HOLLOWAY** and James **Holloway,** h/w, Plaintiffs,

v.

Andrew Lam **BRECHTSE,** Defendant.

No. CIV.A. 03–2141.

United States District Court, E.D. Pennsylvania.

Aug. 18, 2003.

---

W. Austin Allen, Law Offices of W. Austin Allen, II, Warminster, PA, for Plaintiffs.

Joseph J. Santarone, Marshall Dennehey Warner Coleman & Goggin, Norristown, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before the Court is the Motion to Dismiss of Defendant, Andrew Lam Brechtse. Plaintiffs, Jacqueline Holloway and James Holloway,[1] bring a federal claim under 42 U.S.C. § 1983 and state law claims of assault, battery, false arrest and illegal imprisonment, intentional infliction of emotional distress, and loss of consortium. For the reasons that follow, the Court will grant in part and deny in part Defendant's Motion to Dismiss.

## BACKGROUND

The facts, taken from Plaintiff's complaint and in the light most favorable to Plaintiff, are as follows: on October 29, 2002, Plaintiff Jacqueline Holloway received a telephone call from her son's elementary school teacher, asking Plaintiff to come into school to discuss an incident involving her son and another student, Andre Milton. Upon arriving at the school, Plaintiff was met by Officer Holly Este. While speaking with Officer Este, Plaintiff soon became engaged in a verbal argument with Andre Milton's mother, Kathy Milton, who walked down the hallway and began screaming at Plaintiff. As the argument ensued, Officer Este called for back-up. Several police officers, including De-

---

1. Plaintiffs bring their complaint together as husband and wife. As the events giving rise to Plaintiffs' complaint surround only Jacqueline Holloway, all further references ("Plaintiff") shall be to Jacqueline Holloway.

fendant, Officer Andrew Lam Brechtse, arrived within minutes, surrounding Plaintiff and informing her that she was being arrested for disorderly conduct. Although Plaintiff argued that no physical altercation had erupted and that Ms. Milton instigated the verbal argument, the officers began escorting Plaintiff away.

While escorting Plaintiff down the hallway, Defendant grabbed Plaintiff's head and intentionally slammed it into a glass panel, causing severe injuries.[2] Eventually, Plaintiff was taken to a medical center for emergency medical treatment. As a direct and proximate result of Defendant's conduct, Plaintiff continues to require medical care and treatment for her injuries and continues to incur medical bills for the treatment. As such, Plaintiff filed a complaint against Defendant seeking damages for Defendant's conduct.

### ANALYSIS

#### I.  Legal Standard

Defendant moves to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. In considering a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint must be accepted as true and all reasonable inferences must be construed in the light most favorable to the plaintiff. *Ford v. Schering–Plough Corp.*, 145 F.3d 601, 604 (3d Cir.1998). The motion to dismiss under Rule 12(b)(6) will be granted only when it is certain that

no relief can be granted under any set of facts that could be proven by the Plaintiff. *Klein v. General Nutrition Companies, Inc.*, 186 F.3d 338, 342 (3d Cir.1999).

#### II.  Defendant's Claims

Defendant raises several issues in support of his motion to dismiss which shall be reviewed individually here.

#### A.  Pennsylvania Tort Claims Act

■ Defendant argues that Section 8541 of the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA" or "Tort Claims Act") bars Plaintiff's state law claims. Section 8541 of PSTCA grants municipal agencies immunity from liability for all state law tort claims. *Smith v. School Dist. of Philadelphia*, 112 F.Supp.2d 417, 424 (E.D.Pa.2000). The immunity provided by § 8541 also extends to municipal officers acting in their official capacities. *Lakits v. York*, 258 F.Supp.2d 401, 405 (E.D.Pa.2003); *see also* 42 Pa. C.S.A. § 8545. The Tort Claims Act, however, does not grant immunity where an officer commits an intentional tort or certain negligent acts excepting governmental immunity under § 8542. *Simril v. Township of Warwick*, No. CIV.A.00–5668, 2003 WL 1205387, *4 (E.D.Pa. March 18, 2003); 42 Pa.C.S.A. § 8542(a),(b).

■ Plaintiff argues that her injuries arose from Defendant's intentional acts and thus Defendant's immunity under § 8541 is waived under § 8550.[3] Accept-

---

**2.** Alleged injuries include: bruises and contusions of the head, face and chest; erythema on the right side of the chest; head trauma and closed head injury; dizziness, headaches and blurred vision; right clavicle and shoulder pain, left shoulder pain; numbness of the left hand; back pain, cervicalgia; acute cervical sprain and strain; acute lumbar sprain and strain; pain, suffering, and emotional and psychological injuries, humiliation and embarrassment, anxiety, inconvenience and

loss of life's pleasures and the enjoyment of life.

**3.** Section 8550 of PSTCA strips immunity afforded to municipal officials under § 8545 where they cause an injury with actual malice or willful conduct. The Third Circuit has found that willful misconduct in this context has the same meaning as the term intentional tort. *Brown v. Muhlenberg Tp.*, 269 F.3d 205,

ing Plaintiff's allegations as true according to the Rule 12(b)(6) standard, Defendant's motion to dismiss the state law claims on the basis of the Tort Claims Act is denied.

■ As for Plaintiff's claim on the use of excessive force, this is brought under federal statute 42 U.S.C. § 1983. Defendant's immunity under the Tort Claims Act, while effective against unintentional state law tort claims, has no force when applied to federal claims. *Gallaher v. Goldsmith,* 213 F.Supp.2d 496, 497 (E.D.Pa.2002); *Wade v. City of Pittsburgh,* 765 F.2d 405, 407 (3d Cir.1985). Thus, Defendant's motion to dismiss based on the Tort Claims Act is denied.

**B. Ripeness Doctrine**

■ Alternatively, Defendant argues that the ripeness doctrine precludes the adjudication of this case due to the criminal charges against Plaintiff currently pending in state court. The ripeness doctrine functions to determine whether a claim has matured to a point warranting judicial intervention and thus, whether a party has brought an action prematurely. *Doe v. County of Centre,* 242 F.3d 437, 453 (3d Cir.2001); *Peachlum v. City of York, Pa.,* 333 F.3d 429, 433 (3d Cir.2003). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotations and citation

omitted). The Third Circuit found the following considerations to underpin the ripeness doctrine: 1) whether the parties are in a sufficiently adversarial posture to be able to present their positions vigorously; 2) whether the facts of the case are sufficiently developed to provide the court with enough information on which to decide the matter conclusively; and 3) whether a party is genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one. *Peachlum,* 333 F.3d at 433–434.

■ As noted above, criminal charges against Plaintiff are currently pending in state court, including charges of disorderly conduct and resisting arrest. Because the legitimacy of Plaintiff's claim of false arrest and illegal imprisonment may depend upon proceedings in state court, the ripeness doctrine precludes adjudication on this claim.[4] Therefore, Defendant's motion to dismiss is granted as to Count V of Plaintiff's complaint.[5]

Plaintiff's remaining claims, however, are independent of the outcome of the proceedings in state court. Accepting Plaintiff's factual allegations as true and examining Plaintiff's claim in light of the Third Circuit's aforementioned three-fold rubric for the ripeness doctrine, Counts I–IV and VI of Plaintiff's claim are found to withstand Defendant's motion to dismiss. Therefore, Defendant's motion to dismiss is denied as to Counts I–IV and VI.[6]

214 (3d Cir.2001) (citing *Delate v. Kolle,* 667 A.2d 1218, 1221 (Pa.Cmwlth.Ct.1995)).

**4.** "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *National Park Hospitality Ass'n v. Department of Interior,* —— U.S. ——, ——, 123 S.Ct. 2026, 2030, 155 L.Ed.2d 1017 (2003). Determination of ripeness takes into consideration the degree to which postponing federal judicial review permits state courts to

further review and perhaps materially alter the question to be decided. *Peachlum,* 333 F.3d at 436.

**5.** Counts II–VI are for assault, battery, intentional infliction of emotional distress, false arrest and illegal imprisonment, and loss of consortium.

**6.** In Count I of her complaint, Plaintiff alleges Defendant used excessive force, made a false arrest, and deprived Plaintiff of her clearly

## C. Qualified Immunity

 Finally, Defendant argues Plaintiff's complaint should be dismissed because Defendant is entitled to qualified immunity. The standard for qualified immunity is an objective one that asks whether a reasonable public official would know that his specific conduct violated clearly established rights. *Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996) (citing *Anderson v. Creighton*, 483 U.S. 635, 636–37, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In *Forbes v. Township of Lower Merion*, the Third Circuit held that "dispositions of a motion in which a party pleads qualified immunity [must] include, at a minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." 313 F.3d 144, 149 (3d Cir.2002).

 In the present case, the issue of qualified immunity would be more appropriately raised in the summary judgment stage after an evidentiary record has been created. Therefore, Defendant's motion to dismiss based on qualified immunity is denied.[7]

### CONCLUSION

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of August, 2003, upon consideration of Defendant Andrew Lam Brechtse's Motion to Dismiss and Plaintiffs Jacqueline and James Holloway's response thereto, it is hereby ORDERED that, for the reasons set forth in the accompanying Memorandum, the Motion is GRANTED in part and DENIED in part. Therefore, Count V is DISMISSED without prejudice and Defendant's motion to dismiss is DENIED as to Counts I–IV and VI of Plaintiffs' complaint.

---

established rights under the Fourth and Fourteenth Amendments and is liable under 42 U.S.C. § 1983 for damages. Due to the criminal charges of disorderly conduct and resisting arrest currently pending in state court, Plaintiff's false arrest part of the count is dismissed.

7. Additionally, the standard of review for a 12(b)(6) motion generally favors plaintiffs in denying qualified immunity. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir.1992). The Third Circuit has noted that in a 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom" and thus favors denying qualified immunity. *Id.*